UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT EARL CANN,

    Petitioner,                                                      Civil No. 2:20-CV-10163
                                                             HONORABLE SEAN F. COX

v.

TONY TRIERWEILER,

    Respondent.
_____/

**<u>OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*</u>**

Robert Earl Cann, ("petitioner"), confined at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for second-degree murder, Mich. Comp. Laws § 750.317; assault with intent to commit murder, Mich. Comp. Laws § 750.83; carrying a concealed weapon, Mich. Comp. Laws § 750.227; felon in possession of a firearm, Mich. Comp. Laws § 750.224f; and possession of a firearm in the commission of a felony, Mich. Comp. Laws § 750.227b. For the reasons that follow, the petition for a writ of habeas corpus is DENIED.

**I. Background**

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See e.g., Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> This case arises out of a shooting that occurred at a house party in Detroit, in the early morning hours of September 14, 2014. As the party was concluding, one of defendant's friends got into a fistfight with two other men, including John Rainey

(Rainey), the victim. Defendant opened fire on the men as they were fighting. One of the bullets struck Rainey in the back, and he was pronounced dead on arrival at the hospital soon after. Subsequently, defendant was charged with open murder,[1] assault with intent to commit murder, carrying a concealed weapon, felon in possession of a firearm, and felony-firearm.

*People v. Cann*, No. 334950, 2018 WL 1347467, at *1 (Mich. Ct. App. Mar. 15, 2018), *lv. den.* 503 Mich. 861, 917 N.W.2d 386 (2018).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Cann was denied due process of the law and a fair trial when the court failed to properly instruct the jury on involuntary manslaughter. Trial counsel was ineffective for failing to object. The state Court's decision is objectively unreasonable in light of the evidence presented.

II. Cann was denied effective assistance of counsel, and the state court's decision to the contrary was an unreasonable application of federal law and is objectively unreasonable in light of the evidence presented.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[1] Under Michigan law, it is proper to charge a defendant with the crime of open murder. Such a charge gives a circuit court jurisdiction to try a defendant on first and second-degree murder charges. See *Taylor v. Withrow*, 288 F.3d 846, 849 (6th Cir. 2002); *see also Williams v. Jones*, 231 F.Supp.2d 586, 589 (E.D. Mich. 2002)(citing Mich. Comp. Laws § 750.316, 750.318; *People v. McKinney*, 65 Mich. App. 131, 135, 237 N.W.2d 215, 218 (1975)).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103. A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

The Michigan Court of Appeals reviewed and rejected petitioner's jury instruction claim under a plain error standard because petitioner failed to preserve his claim as a constitutional issue at the trial court level. The AEDPA deference applies to any underlying plain-error analysis of a procedurally defaulted claim. *See Stewart v. Trierweiler*, 867 F.3d 633, 638(6th Cir. 2017).[2]

---

[2] Respondent urges this Court to deny this claim on the ground that it is procedurally defaulted because petitioner failed to object at trial. Petitioner argues that counsel was ineffective for failing to object. Ineffective assistance of counsel may establish cause for procedural default.

### III. Discussion

**A. Claim # 1. The jury instruction claim.**

Petitioner first alleges that his right to a fair trial was violated when the judge failed to instruct the jurors on the lesser offense of involuntary manslaughter.

The Michigan Court of Appeals rejected petitioner's claim as follows:

> Defendant did not request a jury instruction for involuntary manslaughter while the parties were discussing jury instructions. Defendant only requested a jury instruction on voluntary manslaughter, to which the trial court replied, "Voluntary manslaughter is [a jury instruction] that I intend to give just because it's the open murder as well as the required lesser included of murder in the second degree, involuntary." It is unclear whether the inclusion of the word "involuntary" was a typographical error, or whether it was a misstatement by the trial court. Regardless, when taken as a whole, it is clear that the trial court intended to give the jury instruction for voluntary manslaughter, as requested by defense counsel, and did not explicitly mention that it would also give an instruction on involuntary manslaughter. Overall, there is nothing in the record, aside from the inclusion of the word "involuntary," to indicate that the trial court intended to give an instruction on involuntary manslaughter.
>
> Nevertheless, defendant argues on appeal that the involuntary manslaughter jury instruction set forth at M Crim JI 16.11 was supported by the evidence and, thus, should have been given—even sua sponte by the trial court. In *People v. Heflin*, 434 Mich. 482, 497; 456 N.W.2d 10 (1990), our Supreme Court noted that the former version [3] of this same jury instruction "accurately set forth the elements of statutory involuntary manslaughter." It is well-established that statutory involuntary manslaughter is a cognate lesser offense of murder, and thus, even if defense counsel had requested it, the trial court was not permitted to give the instruction. See *id.*; see also *People v. Smith*, 478 Mich. 64, 73; 731 N.W.2d 411 (2007); *People v. Cornell*, 466 Mich. 335, 354–355; 646 N.W.2d 127 (2002). Accordingly, defendant's due process claim premised on this jury instruction argument is without merit.

*People v. Cann*, 2018 WL 1347467, at *1–2.

---

*Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of petitioner's defaulted claim, it would be easier to consider the merits of this claim. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004).

[3] Michigan Criminal Jury Instruction 16:4:06. (Internal footnote original).

There is no constitutional right to a jury instruction if the requested charge does not satisfy the legal definition of a lesser-included offense. *See Hopkins v. Reeves*, 524 U.S. 88 (1998). By definition, cognate offenses such as involuntary manslaughter do not meet the definition of lesser-included offenses because they are "related and hence 'cognate' in the sense that they share several elements, and are of the same class or category, but may contain some elements not found in the higher offense." *Williams v. Withrow,* 328 F. Supp. 2d 735, 749 (E.D. Mich. 2004)(quoting *United States v. Colon*, 268 F.3d 367, 373 (6th Cir. 2001)). Accordingly, petitioner does not have a federal constitutional right to an involuntary manslaughter instruction because petitioner has failed to show that the state courts' treatment of this issue is contrary to or an unreasonable application of federal law. Petitioner is not entitled to habeas relief on this claim. *Williams,* 328 F. Supp. 2d at 749.

Moreover, even if involuntary manslaughter was considered a necessarily lesser included offense of open murder, the trial judge's failure to instruct the jurors on this lesser offense would not entitle petitioner to relief. The United States Supreme Court declined to determine whether the Due Process Clause requires that a state trial court instruct a jury on a lesser included offense in a non-capital case. *See Adams v. Smith,* 280 F. Supp. 2d 704, 717 (E.D. Mich. 2003)(citing to *Beck v. Alabama,* 447 U.S. 625, 638, n. 4 (1980)). A state trial court's failure to give the jury an instruction on a lesser included offense in a non-capital case is not contrary to, or an unreasonable application of, clearly established federal law as required for federal habeas relief. *Id. Beck* was interpreted by the Sixth Circuit to mean that "the [federal] Constitution does not require a lesser-included offense instruction in non-capital cases." *Campbell v. Coyle,* 260 F.3d 531, 541 (6th Cir. 2001). Thus, the failure of a state trial court to instruct a jury on a lesser included offense in a non-capital case is not an error cognizable in federal habeas review. *Bagby*

*v. Sowders*, 894 F.2d 792, 797 (6th Cir. 1990); *see also Scott v. Elo,* 302 F.3d 598, 606 (6th Cir. 2002).

The mere fact that petitioner was charged with open murder, which allowed the jurors to consider the charge of first-degree murder, which carries a sentence of life imprisonment without parole, does not mean that petitioner was charged with a capital offense, within the meaning of the Supreme Court's holding in *Beck.*

In *Scott v. Elo,* 302 F.3d at 606, the Sixth Circuit held that a criminal defendant who was convicted of first-degree murder in Michigan and sentenced to life imprisonment without parole was not entitled to habeas relief based upon the trial court's failure to instruct on the lesser offense of involuntary manslaughter. In so ruling, the Sixth Circuit characterized the defendant's first-degree murder charge as being a conviction for a non-capital offense. *Id.* Other circuits ruled that cases in which a defendant receives a sentence of life imprisonment without parole instead of the death penalty should be treated as a non-capital case, as opposed to a capital case, for determining whether due process requires that a trial court is required to instruct jurors on lesser included offenses. *Creel v. Johnson,* 162 F.3d 385, 390 (5th Cir. 1998); *Pitts v. Lockhart,* 911 F.2d 109, 112 (8th Cir. 1990)*; Rembert v. Dugger*, 842 F.2d 301, 303 (11th Cir. 1988); *Trujillo v. Sullivan*, 815 F.2d 597, 602 (10th Cir. 1987). Petitioner is not entitled to relief on his instructional error claim.

**B. Claims # 1 and # 2. The ineffective assistance of counsel claims.**

Petitioner alleges he was denied the effective assistance of trial counsel.

To prevail on his ineffective assistance of counsel claims, petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Knowles v. Mirzayance*, 556 U.S. 111,

6

123 (2009). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

Petitioner first argues that his trial counsel was ineffective for either failing to request a jury instruction on the cognate offense of involuntary manslaughter or not objecting when the judge refused to give the instruction.

Under Michigan law, a defendant is entitled to an instruction on necessarily included lesser offenses, but not cognate lesser offenses. *People v. Reese*, 466 Mich. 440, 446, 647 N.W.2d 498 (2002)(citing Mich. Comp. Laws § 768.32(1)). The Michigan Court of Appeals rejected petitioner's ineffective assistance of counsel claim because he was not entitled under Michigan law to have the jury instructed on involuntary manslaughter because it is a cognate offense of murder. *People v. Cann*, 2018 WL 1347467, at *3.

State courts are the final arbiters of state law. *See Bradshaw v. Richey,* 546 U.S. 74, 76 (2005). The Michigan Court of Appeals determined that counsel was not ineffective for failing to request an instruction on the offense of involuntary manslaughter because petitioner was not entitled to such an instruction in that it was a cognate lesser offense of open murder. Because this Court "cannot logically grant the writ based on ineffective assistance of counsel without determining that the state court erred in its interpretation of its own law," this Court is constrained to reject petitioner's ineffective assistance of trial counsel claim. *See Davis v. Straub*, 430 F.3d 281, 291 (6th Cir. 2005). In light of the fact that involuntary manslaughter is not a necessarily lesser included offense of murder, counsel was not ineffective in failing to request an instruction on this offense. *See Cathron v. Jones,* 77 F. App'x 835, 844-45 (6th Cir. 2003).

7

Petitioner next claims that trial counsel was ineffective for mistakenly relying on the dissenting opinion in *Maryland v. Shatzer, infra,* as opposed to the concurring opinion in that case, when he moved for a mistrial after the detective mentioned interrogating petitioner in 2016, even though petitioner had invoked his right to counsel during the first police interrogation in 2014.

The Michigan Court of Appeals rejected petitioner's claim as follows:

> Defendant argues that defense counsel intended to tell the trial court that he was using the concurrence in *Shatzer* to support his motion for a mistrial, and not the dissent, and that defense counsel's misstatement ultimately led to the trial court's denial of the motion. Defendant's argument is not persuasive.
>
> In *Maryland v. Shatzer*, 559 U.S. 98; 130 S Ct 1213; 175 L.Ed. 2d 1045 (2010), the United States Supreme Court held that the *Edwards* rule—that once a suspect invokes the *Miranda* right to counsel any waiver of that right in response to a subsequent police-initiated custodial interrogation is presumed to be involuntary—does not apply where there has been a break in custody of 14 days or more. *Shatzer*, 559 U.S. at 104–105, 110. Therefore, even if defense counsel had stated that he was citing to the concurrence, *Shatzer* does not support defense counsel's argument that defendant's *Miranda* rights were violated when police officers approached him two years after the initial interrogation. Thus, even if defense counsel's misstatement could be considered to fall below an objective standard of reasonableness, there is no evidence to suggest that the misstatement was so fundamentally prejudicial that defendant was denied a fair trial, or that the outcome of the case would have been different if defense counsel had not misspoken.

*People v. Cann*, 2018 WL 1347467, at *4 (internal footnote omitted).

When an accused invokes his right to counsel during custodial interrogation, that interrogation must cease until counsel is made available, unless the accused initiates further conversation with the police. *Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981). The *Edwards* rule, however, does not apply if there has been a break in custody of more than 14 days after the accused invokes his right to counsel. *See Maryland v. Shatzer,* 559 U.S. 98, 110-11 (2010). In the prison context, where an inmate has returned to the general prison population after invoking

8

his right to counsel during a custodial interrogation, there has been a break in custody for purposes of the *Edwards* rule. *Id.,* 113-14. Petitioner invoked his right to counsel when he spoke with the police in 2014. Petitioner was not interrogated again until 2016. Under the circumstances, the references to petitioner's interrogation in 2016 did not violate *Edwards*.

Petitioner was not prejudiced by counsel's reference to the dissenting opinion versus the concurring opinion in *Shatzer*, because petitioner was not entitled to a mistrial; the majority decision in *Shatzer* did not prohibit the police from interrogating petitioner two years after he originally invoked his right to counsel. The Michigan Court of Appeals' rejection of petitioner's claim was reasonable, precluding habeas relief. *See e.g., Herndon v. United States*, No. 3:08-1102, 2009 WL 3517535, at *8 (M.D. Tenn. Oct. 22, 2009)(Defense counsel, arguing defendant's suppression motion, was not ineffective for failure to cite particular case for proposition that consent to search had to be uncoerced to be valid. Facts of decades-old case were inapposite, principle was sufficiently well known that any failure to cite authority was not prejudicial, and, in any event, counsel did cite more recent case which in turn quoted old case's language). Counsel's alleged deficiency in arguing the motion for a mistrial did not prejudice petitioner because there was no basis to grant the mistrial. *See e.g. Oden v. Turner*, No. 20-3131, 2020 WL 4493255, at *2 (6th Cir. July 7, 2020)(counsel not ineffective for failing to make a renewed motion for a mistrial because the renewed motion would have been meritless).

Petitioner finally argues that he was denied the effective assistance of counsel because his attorney was sending and receiving text messages during trial.

The Michigan Court of Appeals rejected the claim as follows:

Next, defendant argues that defense counsel was ineffective because counsel was sending text messages on his phone during trial. In support of this argument, defendant submitted an affidavit to this Court, stating that defense counsel was texting during trial. A review of the record reveals no indication that defense

9

>counsel was texting during trial, or that he was not paying attention to the proceedings. Our review is limited to errors that are apparent on the record. We may not consider defendant's affidavit which was not presented to the lower court and constitutes an impermissible expansion of the record on appeal.

*People v. Cann*, 2018 WL 1347467, at *3 (internal citations omitted).

Petitioner is not entitled to habeas relief because there is no indication from the record that trial counsel was sending or receiving text messages during trial, nor has petitioner made any argument as to how he was prejudiced by counsel's alleged text messaging. Petitioner is not entitled to habeas relief on his claim that he was denied the assistance of counsel when his claim that counsel was texting during trial is conclusory and there has been no showing of prejudice. *See e.g. Evers v. United States*, No. 13-2690, 2017 WL 1011499, at *13 (W.D. Tenn. Mar. 14, 2017). Petitioner is not entitled to habeas relief on his second claim.

### IV. Conclusion

The Court will deny the petition for a writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final

10

order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). The Court further concludes that petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

### V.  ORDER

Based upon the foregoing, **IT IS ORDERED** that:

I.  The petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

(2) A certificate of appealability is **DENIED.**

(3) Petitioner will be **DENIED** leave to appeal *in forma pauperis*.

Dated: November 2, 2020                s/Sean F. Cox
                                       Sean F. Cox
                                       U. S. District Court